IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Enrique Seoane-Vazquez, :

       Plaintiff             :       Civil Action 2:10-cv-0622

v. :

The Ohio State University, :       Magistrate Judge Abel

       Defendant          :

## ORDER

On February 3, 2012, Plaintiff filed a motion for recusal pursuant to 28 U.S.C. §455(a), asserting that I should recuse myself from consideration of this matter for two reasons. The first is that I am "an adjunct faculty member at Defendant/The Ohio State University's ... Moritz College of Law ...". The second is that "in 2009, OSU/Moritz awarded Magistrate Abel the prestigious William K. Thomas Distinguished Jurist Award". (Doc. 96 at 1-2.)

In a February 8, 2012 order, I set forth in detail certain factual information concerning these two matters. As to the first, I noted that I have not taught at the Moritz College of Law since May 2003, and that neither I nor, to my understanding, that college, consider me an adjunct faculty member. As to the second, I noted that the May 2009 William K. Thomas Distinguished Jurist Award was presented by the Moritz College of Law Alumni Society, and did not include a monetary stipend or any other future association with Defendant. I further directed any party wishing to file a further brief concerning the application of 28 U.S.C. §455(a) to these facts

to do so on or before February 15, 2012. No party did so.

Under the provisions of 28 U.S.C. §455(a), a judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." The purpose of this statute is to promote confidence in the judiciary "by avoiding even the appearance of impropriety whenever possible." *Union Planters Bank v. L & J Development Co., Inc.*, 155 F.3d 378, 383 (6th Cir. 1997), quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988). "Where the question is close, the judge must recuse himself." *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993).

Here, I do not find that having taught at the Ohio State University Moritz College of Law no more recently than 2003 and having received in 2009 an award from the law school alumni society would give reasonable grounds for questioning my impartiality towards Defendant in this matter. *See Easley v. Univ. of Mich. Bd. of Regents*, 906 F.2d 1143, 1145-46 (6th Cir. 1990). A judge's lack of knowledge of a disqualifying circumstance does not eliminate the risk that his impartiality might reasonably be questioned by other persons. *Liljeberg*, 486 U.S. at 859; *see also Sao Paulo State of Federative Republic of Brazil v. American Tobacco Co., Inc.*, 535 U.S. 229, 232-33 (2002). However, I have addressed the bases for recusal put forward by Plaintiff in his motion, and, although given an opportunity to do so, no party has put forward any other circumstances from which my impartiality might be questioned. Accordingly, the motion for recusal (Doc. 96) is **DENIED**.

s/Mark R. Abel
United States Magistrate Judge